UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| THOMAS W. RAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:11-cv-00334-RP-TJS |
| | ) |
| UNION PACIFIC RAILROAD CO., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE TO
TO EXCLUDE PLAINTIFF'S ARBITRATION AWARD AND EVIDENCE OF THE
FACT THAT PLAINTIFF WAS RETURNED TO WORK AT UNION PACIFIC**

Union Pacific Railroad Company ("Union Pacific") does not object to the exclusion of Public Law Board ("PLB") No. 6302's April 18, 2013 Award ("Award")[1] ***on the condition that evidence of the fact that Plaintiff returned to work at Union Pacific is also excluded***.  The PLB found that the evidence supported the finding that Plaintiff was dishonest and violated Union Pacific's work rules.  Even though the PLB found that Plaintiff violated Union Pacific's work rules, it determined that the three years that Plaintiff had been off work without pay was sufficient punishment and required Union Pacific to return Plaintiff to work.

Plaintiff seeks to exclude the PLB's finding that the evidence supported Union Pacific's dismissal of Plaintiff, claiming that the PLB's decision is not relevant and would confuse the jury.  Conveniently, Plaintiff does not think the portion of the PLB's decision returning Plaintiff to work would be confusing to the jury.  Without citation to any authority, Plaintiff argues that the jury should be told that Plaintiff is currently working at Union Pacific and that an arbitration board put him back to work, but exclude the remainder of the Award.  Thus, Plaintiff seeks to

---

[1] Nothing in this Motion or accompanying Memorandum is meant to waive Union Pacific's election of remedies affirmative defense.

cherry pick the only portion of the PLB Award in his favor while excluding portions of the Award indicating that the evidence before the PLB indicated that Plaintiff had, as Union Pacific concluded, been dishonest and violated work rules.

Should the PLB decision be excluded, Plaintiff's current employment is not relevant under FED.R.EVID. 401 or 402 because the identity of Plaintiff's employer does not have a tendency to make it more or less likely that Union Pacific violation 49 U.S.C. §20109. If even Plaintiff's current employer is somehow relevant, the information should be excluded as unduly prejudicial and confusing under FED.R.EVID. 403. However, if this Court determines that Plaintiff should be allowed to testify that he is currently working at Union Pacific, the Court should allow the PLB decision to be admitted into evidence in order to help the jury understand why Union Pacific would employ Plaintiff after it dismissed him because he was dishonest and violated workplace rules.

## Background

In November 2009, Plaintiff was charged with violating Rules 1.6 (dishonesty) and 1.2.5 (late reporting). After an investigation hearing, Plaintiff was dismissed by Union Pacific. Plaintiff pursued a grievance under the collective bargaining agreement entered into by Union Pacific and Plaintiff's union. The dismissal was upheld during the initial stages of review. Consequently, Plaintiff sought review of his 2009 dismissal by the PLB, claiming that his termination violated the terms of a collective bargaining agreement. On April 18, 2013, the PLB issued an Award holding that "substantial evidence was adduced at the Investigation that [Ray] was guilty [of violating Rules 1.6-dishonesty and 1.2.5-late reporting] as charged." PLB Decision, Ex. 1, at 8. Even though the PLB found that the evidence supported the finding that Plaintiff violated Rules 1.6 and 1.2.5, the PLB found that the discipline was excessive and

reduced Plaintiff's discipline to "a lengthy suspension which is corrective in nature," but denied any back pay to Plaintiff.  PLB Decision, Ex. 1, at 8.

The Award found for Union Pacific on the basis for the discipline.  Namely, it found that the evidence supported Union Pacific's conclusion that Plaintiff had been dishonest and reported a work injury too late under its policies.  The PLB reduced Plaintiff's discipline to "a lengthy suspension which is corrective in nature," but denied any back pay to Plaintiff.  Consequently, Union Pacific largely prevailed before the PLB.

## Argument

I.  *Assuming the Court Excluded the PLB Award, Plaintiff's Current Employment Is Not Relevant And Should Also Be Excluded.*

Plaintiff's current employer is not relevant under FED.R.EVID. 401 or 402 and should be excluded.  Plaintiff claims that Union Pacific violated §20109.  Complaint, Dkt. 1.  Plaintiff admits that he provided conflicting information in his injury report than he had provided to his supervisor.  See id. ¶13.  The issue before the jury will be whether Union Pacific discriminated or retaliated against Plaintiff when it disciplined him for violating its work rules.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED.R.EVID. 401. Generally, relevant evidence is admissible at trial. See Fed.R.Evid. 402.  Here, there is no indication that Plaintiff's current employment status with Union Pacific has any tendency to make facts related to his §20109 claim more or less probable.

If Plaintiff was somehow able to demonstrate that his current employment with Union Pacific was relevant, the information should still be excluded under Rule 403.  Relevant evidence may be excluded under FED.R.EVID. 403 if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative evidence." FED.R.EVID. 403.  Here, whatever probative value the fact that Union Pacific was required under the applicable collective bargaining agreement and the PLB to return Plaintiff to work is *significantly* outweighed by the danger of unfair prejudice and confusion.  If Plaintiff tells the jury that he works at Union Pacific, it will be confusing because Plaintiff is suing Union Pacific for firing him and seeking lost wages from Union Pacific.  In order to explain, the parties would need to explain that a collective bargaining agreement controls the relationship between the parties and that Plaintiff has already taken his claim up before the PLB, where Union Pacific was successful in demonstrating that it had evidence that Plaintiff had been dishonest and violated work rules.  The parties would further need to explain that the PLB found that discipline was appropriate, but dismissal was excessive.  This lengthy explanation regarding what happened before the PLB is unnecessary if the fact that Plaintiff was reinstated is excluded and the jury is simply told that Plaintiff seeks back pay only for a defined period of time and does not seek back pay after April 18, 2013 (the date of the Award).  Testimony and evidence regarding Plaintiff's current employer should be excluded under FED.R.EVID. 401, 402, and 403 if the PLB Award is excluded.

II.     *If Plaintiff Is Permitted To Introduce Evidence Of His Current Employment At Union Pacific, The PLB Award Should Be Admitted.*

If any evidence regarding Plaintiff's current employment by Union Pacific is admitted, the Court should admit the entire Award.  Admissibility of an arbitral decision is within the discretion of the district court.  Alexander v. Gardner-Denver Co., 415 U.S. 36, 60 n. 21 (1974).  Although there is scarce authority with respect to §20109 claims and the admissibility of arbitration awards or grievances, courts have admitted these types of awards in other employment cases.  See Cassotto v. Potter, 2012 WL 5286936, *1 (D. Conn. Oct. 24, 2012).  The

United States District Court for the District of Connecticut has admitted a grievance decision in an age discrimination case.  Id. at *1.  The court found that the decision was based on the same facts before the court, was supported by the evidence considered at arbitration, and was "highly probative of the absence of discriminatory intent on the part of the defendant."  Id.  The court further found that "the highly probative nature of the grievance decision is not substantially outweighed by the risk of unfair prejudice."  Id. at *2.

Similarly, if Plaintiff is allowed to testify as to his current employment with Union Pacific, Union Pacific should be allowed to introduce the PLB Award.   The PLB considered significant evidence and issued a decision based on the same facts as at issue here.  The PLB's finding that there was substantial evidence that Plaintiff was "guilty as charged" is relevant because it has probative value as to whether Plaintiff violated Union Pacific work rules and as to the circumstances of Plaintiff's reinstatement.  Plaintiff was not reinstated with back pay, but instead was assessed a suspension lasting over three years as discipline for violating company work rules. If Plaintiff's current employment with Union Pacific is introduced to the jury, it will be critical for the jury to understand that the PLB found that discipline was appropriate under the facts of Plaintiff's case.  Although Plaintiff was ultimately reinstated, that action was taken only after Plaintiff was off work, without pay for over three years.  Union Pacific expects to present evidence that reinstatement without back pay is indicative of the PLB concluding that there was wrongdoing on the part of Plaintiff.

## Conclusion

WHEREFORE, Union Pacific respectfully requests that its Motion in Limine be granted, and that any evidence, including testimony, exhibits, or argument from counsel, regarding the PLB's Award and evidence or mention of the fact that Plaintiff returned to work at Union Pacific

as a result of the PLB's Award be excluded. Alternatively, should the Court allow introduction of evidence that Plaintiff is currently employed by Union Pacific, Union Pacific respectfully requests that this Court admit the PLB's Award.

        Respectfully submitted,

        THOMPSON COBURN LLP

        By */s/ Tabitha G. Davisson*
            Clifford A. Godiner, 33702MO
            Hope K. Abramov, 49121MO
            Tabitha G. Davisson, 58752MO
            One US Bank Plaza
            St. Louis, Missouri 63101
            314-552-6000
            FAX 314-552-7000
            cgodiner@thompsoncoburn.com
            habramov@thompsoncoburn.com
            tdavisson@thompsoncoburn.com

        Attorneys for Defendant
        Union Pacific Railroad Company

- 7 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 20, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

James H. Kaster
Matthew H. Morgan
Nicholas D. Thompson
Nichols Kaster, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402

William W. Graham
Wesley T. Graham
Graham, Ervanian & Cacciatore, LLP
317 Sixth Avenue, Suite 900
Des Moines, IA 50309

Bruce E. Johnson
Cutler Law Firm, P.C.
1307 50th Street
West Des Moines, IA 50266-1782

                       <u>/s/ Tabitha G. Davisson</u>